UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| G.A. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-0409-CVE-MTS |
| ) | |
| TWU/IAM ASSOCIATION and ) | |
| AMERICAN AIRLINES, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court are Defendant American Airlines, Inc.'s Amended Motion to Dismiss and Brief in Support (Dkt. # 8), Plaintiff's Motion to Hold Case in Abeyance (Dkt. # 20),[1] and Defendant TWU's Motion to Dismiss Complaint and Brief in Support (Dkt. # 28). Defendants argue that the Court lacks jurisdiction over plaintiff's breach of contract and negligence claims against them, because the claims are preempted by the Railway Labor Act, 45 U.S.C. §§ 151-164, 181-188 (RLA), and the federal duty of fair representation. American also argues that plaintiff may be attempting to assert workplace discrimination claims based on age and disability, and these claims should be dismissed for failure to state a claim upon which relief can be granted and failure to exhaust administrative remedies. Plaintiff claims that he has adequately alleged that TWU/IAM Association (the Union) violated its duty of fair representation by failing to timely pursue a grievance

---

[1] Plaintiff's motion is typed on a form provided by the Court for waiver of service of a summons, and he states that his claims against his employer should be stayed until he fully litigates his claims against his union. Dkt. # 20. American Airlines, Inc. (American), plaintiff's employer, responds that the Court lacks subject matter jurisdiction over plaintiff's claims and there is no reason to stay a ruling on its motion to dismiss. Dkt. # 22. The Court agrees that there is no reason to refrain from ruling on American's motion to dismiss, even if the Court assumes that plaintiff is correct about the order in which his claims should proceed, and plaintiff's motion to hold his claims against American in abeyance is denied.

on his behalf, and he argues that he was effectively locked out in violation of the collective bargaining agreement (CBA) when American failed to process his return to work forms.

I.

Plaintiff G.A. Cooper is an employee of American who had taken medical leave, and he alleges that he began the process to return to work pursuant to the CBA in September 2022.[2] On September 29, 2022, plaintiff obtained a return to work form from his physician and he faxed the form to American the next day. Dkt. # 1, at 3. Plaintiff claims that the return to work process was supposed to take approximately three to five days, but he did not receive a response from American after he initially submitted his return to work paperwork. Id. Plaintiff resubmitted his return to work form on October 27 and November 8, 2022, but he was still not permitted to return to work. Id.

On December 26, 2022, plaintiff contacted the Union's executive board member David Cooper (Cooper) to begin the process of filing a grievance against American for failing to allow him to return to work, and plaintiff alleges that a grievance was filed on the same day. Id. The grievance was denied on December 26, 2022, and plaintiff alleges that the Union failed to file a step two grievance within 10 days of the initial denial. Id. Plaintiff returned to work at an unspecified date in 2023 and he learned that the Union had not filed a step two grievance on his behalf. Id. Cooper assured plaintiff that he was negotiating with American's human resources department, and Cooper advised plaintiff to pursue a settlement to resolve his grievance. Id. at 3-4. Plaintiff believes that

---

[2] The Court is relying on the facts stated in plaintiff's complaint when reviewing defendants' motions to dismiss. Plaintiff's responses (Dkt. ## 34, 35, 36) contain additional factual allegations that will not be included in the Court's summary of the facts. The Court will consider additional facts alleged in other filings to determine whether plaintiff should be granted leave to amend any claims that the Court has determined should be dismissed on non-jurisdictional grounds.

Cooper wholly failed to pursue a step two grievance on his behalf and, on June 2, 2023, he discovered that Cooper had resigned from his position. Id. at 4.

On July 25, 2023, plaintiff spoke to George Albano, who confirmed that plaintiff's grievance had been closed since December 26, 2022 and the grievance had never proceeded to step two of the process. Id. In October 2023, Albano allegedly told plaintiff that the grievance was open and had advanced to step two, but Albano refused to provide any details to plaintiff about how or when the grievance had advanced. Id. On November 8, 2023, plaintiff asked American manager Josh Voss for a status update on his grievance. Id. Voss initially advised plaintiff that the grievance had never been submitted for step two, but Voss allegedly corrected his earlier statement and told plaintiff that the grievance was scheduled for a second step meeting. Id. at 5. In March 2024, Albano told plaintiff that Cooper had written up a second step grievance, but plaintiff acknowledges that nothing has happened with an alleged second step grievance and he states that he has no confidence that American or the Union is taking any action to resolve his grievance. Id.

Plaintiff alleges claims of negligence, breach of the CBA, and violation of the duty of fair representation, and he seeks damages in excess of $75,000. The complaint fails to specify which claims are asserted against each defendant, but he alleges that the Court has diversity jurisdiction over this case. Dkt. # 1, at 1.

## II.

Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs., Inc. v.

3

Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Where a motion to dismiss is based on a facial attack, as here, courts "apply the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

4

**III.**

Defendants argue that plaintiff's state law claims of breach of contract and negligence are preempted by federal law and the Court lacks subject matter jurisdiction over these claims. American asserts that the RLA governs all disputes between an air carrier and its employees, and the RLA requires that all disputes involving the interpretation of the CBA must be submitted to arbitration before a board of adjustment. Dkt. # 8, at 8-10. The Union argues that plaintiff's state law claims of breach of contract and negligence are preempted by the federal duty of fair representation. Plaintiff does not directly respond to defendants' arguments, but he makes general arguments that an employee can in some circumstances sue his employer under federal labor law. As to plaintiffs' fair representation claim, defendants argue that the claim is barred by the statute of limitations and that plaintiff has failed to adequately allege a claim. Plaintiff responds that he filed this case within six months of the date that he determined the Union and American would no longer process his grievance, and he argues that American breached the CBA by failing to allow him to return to work in a timely manner.

**A.**

American argues that plaintiff was required to arbitrate all disputes involving interpretation of the CBA before a board of adjustment, and the Court lacks jurisdiction over claims that fall within the exclusive jurisdiction of the board of adjustment. Dkt. # 8, at 10-12. The RLA was originally enacted to create a mechanism to resolve labor disputes between employees and railway companies, and the RLA was subsequently extended to air carriers in addition to railway companies. 45 U.S.C. § 181; Elgin, J. & E.Ry. Co. v. Burley, 325 U.S. 711, 722-23 (1945). Employers subject to the RLA are required to create boards of adjustment to hear and resolve disputes "growing out of grievances,

or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions." 45 U.S.C. § 184; Fell v. Continental Airlines, Inc., 990 F. Supp. 1265, 1267 (D. Colo. 1998).

The Supreme Court classifies disputes between an employee and employer as "minor" or "major" disputes, and the classification determines whether an employee's remedy is to proceed before the board of adjustment or in a federal court. "Minor" disputes "involve 'controversies over the meaning of an existing collective bargaining agreement in a particular fact situation," and the key component of a "minor" dispute is that it requires the application or interpretation of an existing CBA. Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 253 (1994). In contrast, "major" disputes concern the formation or negotiation of a collective bargaining agreement. Id. The Supreme Court more succinctly explained the difference as "major disputes seek to create contractual rights, minor disputes to enforce them." Id. If the dispute is properly classified as a "minor" dispute, the RLA preempts any state law claims and the employee must use the grievance and arbitration procedure provided by employer to resolve the dispute. Andrews v. Louisville & N. R. Co., 406 U.S. 320 (1972). "[T]he default position for courts is to deem a dispute as minor if it even remotely touches on the terms of the relevant [CBA]," and a party invoking the exclusive jurisdiction of the board of adjustment bears a "relatively light burden." Brotherhood of Maintenance of Way Employees Div. v. Burlington Northern Santa Fe Ry. Co., 596 F.3d 1217, 1223 (10th Cir. 2010).

Plaintiff's complaint and responses to the motions to dismiss clearly show that he is asserting negligence and breach of contract claims that require the interpretation of the CBA, and these claims are preempted by the RLA as minor disputes. The complaint alleges that American violated the CBA by failing to allow plaintiff to return to work after he submitted his paperwork on September

6

30, 2022 and subsequent dates. Dkt. # 1, at 3-4. In response to American's motion to dismiss, plaintiff argues American's refusal to allow him to return to work constituted a lockout in violation of the CBA. Dkt. # 35, at 7; Dkt. # 36, at 16. Plaintiff makes no attempt to argue that his claims are exempt from the arbitration requirement and, to the contrary, he clearly casts his breach of contract and negligence claims as based on alleged violations of the CBA. Plaintiff's state law claims plainly fall under the category of minor disputes under the RLA, and the Court lacks subject matter jurisdiction over plaintiff's breach of contract and negligence claims against American.

Plaintiff could also be alleging breach of contract and negligence claims against the Union, and the Union argues that these claims are preempted by the federal duty of fair representation. Dkt. # 28, at 10. Under federal law, a union has an obligation to fairly represent all of its employees in terms of the negotiation and enforcement of a CBA. Vaca v. Sipes, 386 U.S. 171, 177 (1967). A Union acting as an agent for its employees must "serve the interests of all members without hostility or discrimination toward any, and . . . exercise its discretion with complete good faith and honesty, and . . . avoid arbitrary conduct." United Steelworkers of America, AFL-CIO-CLC v. Rawson, 495 U.S. 362, 372 (1990). State law claims against a union are preempted by the duty of fair representation to the extent that the claims implicate the negotiation or enforcement of the CBA. Thomas v. Nat'l Ass'n of Letter Carriers, 225 F. 3d. 1149, 1158 (10th Cir. 2000). "The duty of fair representation creates a union's primary responsibility and 'ordinarily state law cannot impose additional allegations upon a union in relation with its members.'" Ledbetter v. Local 514, Transport Workers Union of America, 2014 WL 4403521, *2 (N.D. Okla. Sep. 5, 2014) (quoting Thomas, 225 F.3d at 1158). The Court has already determined that plaintiff's breach of contract and negligence claims are based on alleged violations of the CBA and, in the case of the union, plaintiff could be

arguing that the union failed to adequately seek to enforce the CBA on plaintiff's behalf. These claims are plainly preempted by the federal duty of fair representation, and the Court also lacks subject matter jurisdiction over plaintiff's state law claims against the Union.

**B.**

Plaintiff appears to be alleging a hybrid claim for breach of the duty of fair representation against American and the Union based on violations of his rights during the grievance process and American's refusal to allow plaintiff to return to work. American and the Union argues that plaintiff's fair representation claim is barred by the applicable statute of limitations. Plaintiff states that he filed the complaint within six months of the date that he "determined that he had exhausted all other grievance procedures." Dkt. # 36, at 22-23.

Plaintiff's breach of the duty of fair representation claim is treated as a hybrid claim under the RLA. A hybrid claim arises when an employee brings a claim against his employer and union following grievance or arbitration proceedings, and the employee must allege that he lost a meritorious grievance due to the union's "discriminatory, dishonest, arbitrary, or perfunctory" representation of the employee during the proceedings. DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 164 (1983). The resulting claim is referred to as a hybrid claim because it combines two distinct causes of action:

> The suit against the employer rests on § 301, since the employee is alleging breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the National Labor Relations Act. "Yet the two claims are inextricably independent. 'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but also carry the burden of demonstrating a breach of duty by the Union.

Id. at 164-64 (quoting United Parcel Service v. Mitchell, 451 U.S. 56, 66-67 (1981)); Barnett v. United Air Lines, Inc., 738 F.2d 358, 363-64 (10th Cir 1984) (extending the reasoning of DelCostello to hybrid claims under the RLA). The statute of limitations for a hybrid claim is six months, and the statute of limitations begins to run "when an employee 'knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violation.'" Edwards v. Int'l Union, United Plant Guard Workers of America, 46 F.3d 1047, 1053 (10th Cir. 1995). However, the statute of limitations to bring a hybrid RLA claim is "tolled in its entirety until the internal union appeals have been exhausted." Repstine v. Burlington Northern, Inc., 149 F.3d 1068, 1071 (10th Cir. 1998).

Based on the allegations of the complaint, plaintiff's hybrid breach of the duty of fair representation claim was filed more than six months after he was told that no step two grievance had been filed and that his grievance process was officially terminated. The complaint states that plaintiff learned on July 25, 2023 that his grievance had been closed since December 26, 2022 and that the grievance had never advanced to step two. Dkt. # 1, at 4. Plaintiff claims that he was given conflicting information about the status of his grievance after July 25, 2023, but it does not appear that plaintiff took any action for several months after learning that his grievance had been terminated in December 2022. Id. This case was filed on September 3, 2024, which was well more than six months after he was initially told that his grievance process had been terminated. However, the Court has reviewed all of plaintiff's filings, including his list of communications with the Union (Dkt. # 36-1), and finds that he should be given an opportunity to amend his breach of duty of fair representation claim. It appears that plaintiff had substantially more communications with the Union

9

than are represented by the allegations of the complaint and, considering plaintiff's pro se status, the Court will allow him to attempt to more clearly allege this claim.[3]

### C.

American argues that plaintiff may be attempting to assert claims for disability or age discrimination under federal law, but he has failed to allege even basic facts in support of these claims. Dkt. # 8, at 16. American also argues that plaintiff has not alleged that he exhausted his administrative remedies prior to filing suit, and these claims would be barred by the statute of limitations. Id. at 18. Plaintiff responds that defendants "are aware of the Plaintiff's retirement age and [are] privileged to the Plaintiff's health issues" from his disability benefits paperwork. Dkt. # 36, at 31. However, plaintiff does not respond to American's arguments concerning the exhaustion of administrative remedies or the statute of limitations.

In a deferral state such as Oklahoma, an aggrieved employee must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or an appropriate state agency within 300 days of the unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Under the Americans with Disability Act (ADA) and the Age Discrimination in Employment Act (ADEA), filing a charge of discrimination and receiving a right to sue letter is a prerequisite to filing a lawsuit. Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1309-10 (10th Cir. 2005). The Court notes that the exhaustion of administrative remedies does not go to the Court's jurisdiction, but the Court can consider plaintiff's failure to exhaust administrative remedies as an affirmative defense.

---

[3] The Court notes that the Union also argues that plaintiff has failed to state a colorable breach of the duty of fair representation claim. Even if the Court were to find that plaintiff had failed to state a claim, this would not change the Court's decision to allow plaintiff to file an amended complaint, and the Court declines to rule on this issue.

Lincoln v. BNSF Railway Co., 900 F.3d 1166, 1181-85 (10th Cir. 2018). Plaintiff's complaint contains no allegations that he exhausted his administrative remedies for ADA or ADEA claims prior to filing suit, and these claims should be dismissed without granting plaintiff leave to amend.[4]

**IT IS THEREFORE ORDERED** that Defendant American Airlines, Inc.'s Amended Motion to Dismiss and Brief in Support (Dkt. # 8) and Defendant TWU's Motion to Dismiss Complaint and Brief in Support (Dkt. # 28) are **granted**. Plaintiff's breach of contract, negligence, ADA, and ADEA claims are dismissed without leave to amend.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint realleging his breach of the duty of fair representation claim only no later than **August 1, 2025**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Hold Case in Abeyance (Dkt. # 20) is **denied**.

**DATED** this 11th day of July, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff also fails to state claims under the ADA or ADEA as he has made no factual allegations to support these claims. Plaintiff contends that American is already aware of the basis for these claims. However, plaintiff is obligated to give American notice of the basis for his claims, and the Court does not assume that defendants have any knowledge about plaintiff's claims beyond the allegations of the complaint. Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008).