UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

G.A. COOPER,                                )
                                            )
           Plaintiff,                       )
                                            )
v.                                          )   Case No. 24-CV-0409-CVE-MTS
                                            )
TWU/IAM ASSOCIATION and                     )
AMERICAN AIRLINES, INC.,                    )
                                            )
           Defendants.                      )

## OPINION AND ORDER

Now before the Court are Defendant American Airlines, Inc.'s Motion to Dismiss Plaintiff G.A. Cooper's Amended Complaint and Brief in Support (Dkt. # 46), and Defendant TWU's Motion to Dismiss Amended Complaint and Brief in Support (Dkt. # 47). The Court previously entered an opinion and order (Dkt. # 43) dismissing all of plaintiff's claims, but plaintiff was permitted to file an amended complaint re-alleging a hybrid claim under the Railway Labor Act, 45 U.S.C. §§ 151-164, 181-188 (RLA), against defendants for breach of the duty of fair representation. Dkt. # 43, at 11. Defendants argue that the amended complaint does not cure the pleading deficiencies previously found by the Court, and they ask the Court to dismiss plaintiff's claims with prejudice. Plaintiff responds that his breach of the duty of fair representation claim is not barred by the statute of limitations, because he filed this case within six months of the date that he determined he had fully exhausted all possible grievance procedures. Dkt. # 49, at 7.

Plaintiff G.A. Cooper is an employee of American Airlines, Inc. (American) and he belongs to the TWU/IAM Association (the Union), which has a collective bargaining agreement with American. Plaintiff alleges that he was on medical leave and he was prepared to return to work near the end of September 2022. Dkt. # 44, at 8. Plaintiff obtained a completed return to work form from

his physician and faxed it to American, but he did not receive authorization to return to work. Id. Plaintiff contacted a Union representative for assistance in returning to work, but plaintiff alleges that he had to resubmit his return to work forms two more times before he was eventually told to return to work on December 26, 2022. Id. at 9. However, plaintiff had surgery scheduled for December 27, 2022 and he told American that he could not return to work until February 2023. Id. at 9. On December 26, 2022, plaintiff filed a grievance alleging that he was locked out by virtue of not being permitted to return to work when he initially submitted his return to work form and, although the allegations of the amended complaint are unclear, it appears that his grievance was promptly denied by American. Id. at 15. Plaintiff returned to work on February 7, 2023, and shortly thereafter he asked for an update on his grievance from Union representative David Cooper. Id. at 10. David Cooper allegedly advised plaintiff that he was negotiating with American to resolve the grievance, and Cooper advised plaintiff to accept a reduced amount to settle his grievance. Id.

On July 25, 2023, plaintiff contacted Union representative George Albano for an update on his grievance, and Albano told plaintiff that the Union had never taken any action to move the grievance to the next step after the initial denial. Id. at 11. Plaintiff continued to ask different Union representatives for an update on his grievance, and the Union president told plaintiff that he should assume that his grievance was no longer valid. Id. at 12. Plaintiff claims that he received conflicting information about the status of his grievance in November 2023, but his allegations are clear that his grievance was not moving forward during this time. Plaintiff also communicated with the Union and American about a disciplinary matter in which he was assessed disciplinary points for allegedly failing to promptly return to work in 2022 after receiving medical authorization, but these communications do not appear to specifically concern the status of plaintiff's grievance. Id. at 13.

On March 6, 2024, Albano allegedly told plaintiff that his grievance was being handled by Union representative Daron Morgan. Id. at 14. Plaintiff attempted to contact Morgan in March, August, and September 2024, but it appears that his attempts were unsuccessful. Id. Plaintiff states his "interaction and correspondence with TWU Union never went beyond a six month time span concerning [his] grievance." Id. at 14. Plaintiff filed this case on September 3, 2024 alleging breach of contract and negligence claims, as well as a hybrid claim under the RLA for breach of the duty of fair representation claims against the Union and American. The Court dismissed all of plaintiff's claims but granted him leave to amend.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true

those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Plaintiff's breach of the duty of fair representation claim is treated as a hybrid claim under the RLA. A hybrid claim arises when an employee brings a claim against his employer and union following grievance or arbitration proceedings, and the employee must allege that he lost a meritorious grievance due to the union's "discriminatory, dishonest, arbitrary, or perfunctory" representation of the employee during the proceedings. DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 164 (1983). The resulting claim is referred to as a hybrid claim because it combines two distinct causes of action:

> The suit against the employer rests on § 301, since the employee is alleging breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the National Labor Relations Act. "Yet the two claims are inextricably independent. 'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but also carry the burden of demonstrating a breach of duty by the Union.

Id. at 164-65 (quoting United Parcel Service v. Mitchell, 451 U.S. 56, 66-67 (1981)); Barnett v. United Air Lines, Inc., 738 F.2d 358, 363-64 (10th Cir 1984) (extending the reasoning of DelCostello to hybrid claims under the RLA). The statute of limitations for a hybrid claim is six months, and the statute of limitations begins to run "when an employee 'knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violation.'" Edwards v. Int'l Union, United Plant Guard Workers of America, 46 F.3d 1047, 1053 (10th Cir. 1995). However, the statute of limitations to bring a hybrid RLA claim is "tolled in its

entirety until the internal union appeals have been exhausted." Repstine v. Burlington Northern, Inc., 149 F.3d 1068, 1071 (10th Cir. 1998).

Defendants argue that plaintiff's hybrid claim under the RLA is barred by the statute of limitations, because plaintiff failed to file this case within six months of learning that he had no valid grievance pending. Dkt. # 46, at 10-12; Dkt. # 47, at 8-11. Plaintiff responds that he filed this case within six months of the date that he determined that he had exhausted all available remedies to determine the status of grievance, and he contends that his hybrid claim under the RLA is not time barred. Dkt. # 48, at 10; Dkt. # 49, at 7. Plaintiff could also be arguing that the statute of limitations was tolled while he requested information about the status of his grievance. Dkt. # 49, at 11.

The Tenth Circuit has explained that, in cases where a union rejects or abandons a grievance, the six month statute of limitations for a hybrid RLA claim begins to run "when the employee knows, or through the exercise of reasonable diligence, should have known of that union's decision or action." Lucas v. Mountain States Telephone & Telegraph, 909 F.2d 419, 420-21 (10th Cir. 1990). In this case, the act giving rise to plaintiff's claim against the Union was the Union's failure to advance his grievance to the next step after it was initially denied in December 2022. Plaintiff was not immediately aware that his grievance had been abandoned or was deemed invalid, but Albano clearly told plaintiff on July 25, 2023 that the grievance had never been forwarded to step two after the initial denial in December 2022. Dkt. # 44, at 11. Plaintiff made sporadic attempts to speak to representatives of the Union after this date, but the information he received tended to confirm that his grievance had been abandoned by the Union. The statute of limitations began to run when a reasonable person in plaintiff's position would have understood that the Union had abandoned his grievance, and Albano's July 25, 2023 statement that the grievance had been

abandoned would have given a reasonable person notice that the grievance process had been concluded. See McConnell v. Air Line Pilot's Ass'n Int'l, 763 F. Supp. 2d 37, 41 (D.D.C. 2011) ("in a case where the claimant contends that the union improperly abandoned his grievance, the six-month period begins to run when the employee knew or should have known that the union had stopped pursuing his grievance"); Poole v. Southwestern Bell Telephone L.P., 86 F. App'x 372, 374 (10th Cir. Dec. 19, 2003) (six months limitations period for hybrid RLA claim begins to run when the employee receives notice that grievance was abandoned or rejected, and the Union has no obligation to inform the employee of the six month limitation period).[1] Relying on a start date of July 25, 2023, plaintiff's limitations period to file a hybrid RLA claim against American and the Union expired on January 25, 2024. Plaintiff did not file this case until September 3, 2024, well outside of the applicable statute of limitations, and his hybrid RLA claim will be dismissed unless plaintiff identifies a basis for tolling the statute of limitations.

Plaintiff could be arguing that his attempts to verify the status of his grievance after July 25, 2023 had the effect of tolling the statute of limitations for him to bring a hybrid RLA claim. Plaintiff's allegations suggest that he would occasionally seek information about his grievance after July 25, 2023, but frequently several months separated his attempts to verify whether his grievance was still pending. The law is clear that the statute of limitations for a hybrid RLA claim is tolled while an employee exhausts internal union appeals. Repstine, 149 F.3d at 1071; Volkman v. United Transp. Union, 73 F.3d 1047, 1054-55 (10th Cir. 1996). However, plaintiff's efforts to determine the status of his grievance cannot reasonably be classified as the exhaustion of internal union

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

appeals. Plaintiff was told by Albano that his grievance had never advanced to a second step, and the plain implication of the information gathered by plaintiff was that his grievance had been abandoned by the Union. Plaintiff claims that he was seeking confirmation of the status of his grievance, but requesting a status update is not equivalent to exhausting internal appeals that could alter the outcome of the initial denial of his grievance. See Hanely v. Int'l Brotherhood of Locomotive Engineers, 69 F. App'x 292 (6th Cir. July 2, 2003) (six month statute of limitations not tolled based on assurances from union representatives that the plaintiff's dispute was being prosecuted by the union). The Court finds no basis to toll the statute of limitations for plaintiff's hybrid RLA claim, and plaintiff's hybrid RLA claim was filed well after the six month statute of limitations period for plaintiff's RLA claim had expired. Plaintiff's breach of contract and negligence claims were previously dismissed, and the Court will enter a final judgment of dismissal closing this case.

**IT IS THEREFORE ORDERED** that Defendant American Airlines, Inc.'s Motion to Dismiss Plaintiff G.A. Cooper's Amended Complaint and Brief in Support (Dkt. # 46) and Defendant TWU's Motion to Dismiss Amended Complaint and Brief in Support (Dkt. # 47) are **granted**, and plaintiff's hybrid claim for breach of the duty of fair representation is **dismissed**. A separate judgment of dismissal is entered herewith.

**DATED** this 7th day of October, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE